**YUAN CHUN LEI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71493.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 29, 2006.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Traci L. Colquette, Esq., DOJ—U.S. Department of Justice, Civil Division/Torts Branch, James A. Hunolt, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Yuan Chun Lei, a native and citizen of China, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2003), and we deny the petition for review.

The agency's adverse credibility finding is supported by substantial evidence. Lei testified his parents were detained and required to attend anti-Falun Gong classes for three months, yet Lei was neither arrested nor otherwise physically harmed on account of his practice of Falun Gong. The record does not compel the conclusion that Lei proved past persecution or a well-founded fear of future persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive."); *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000) (holding that petitioner must provide credible, direct, and specific evidence to satisfy the objective component of a well-founded fear of future persecution claim).

Because Lei failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Ghaly,* 58 F.3d at 1429.

Lei also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if returned to China. *See* 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

REINHARDT, Circuit Judge, dissenting:

Judge Reinhardt would reverse the adverse credibility finding and remand to the BIA for further proceedings.